**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OPERATING ENGINEERS LOCAL UNION
No. 3,
            *Plaintiff-Appellee,*

v.

NEWMONT MINING CORP.,
            *Defendant-Appellant.*

No. 04-16917

D.C. No.
CV-03-00395-
ECR/RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted
November 14, 2006—San Francisco, California

Filed February 5, 2007

Before: William C. Canby, Jr., Emmett Ripley Cox,* and
Richard A. Paez, Circuit Judges.

Opinion by Judge Canby

---

*The Honorable Emmett Ripley Cox, Senior United States Circuit
Judge for the Eleventh Circuit, sitting by designation.

## COUNSEL

Paul J. McCue, Raymond M. Deeny, Sherman & Howard, Denver, Colorado, for the defendant-appellant.

David A. Rosenfeld, Caren P. Sencer, Weinberg, Roger & Rosenfeld, Alameda, California, for the plaintiff-appellee.

**OPINION**

CANBY, Circuit Judge:

Newmont Mining Corporation appeals the district court's grant of summary judgment in favor of Operating Engineers Local Union No. 3 in the Union's action to compel arbitration. Newmont and the Union were parties to a collective bargaining agreement. Newmont terminated the employment of Samuel Taylor, an employee represented by the Union, for allegedly falsifying a tool request form. Newmont declined to arbitrate the termination, on the ground that the parties' collective bargaining agreement expired prior to Taylor's discharge. The district court found that the parties were bound by the expired agreement's arbitration provision because the "key or critical facts" involved in the dispute took place prior to the agreement's expiration.

We affirm, but by a somewhat different analysis than that adopted by the district court. We conclude that the parties contracted to arbitrate the significant question of whether Taylor falsified the tool request form, an incident that, if it occurred, took place before the collective bargaining agreement expired. We therefore hold that the parties' dispute arises under the expired agreement and that the matter must be submitted to arbitration.

## I.   BACKGROUND

Newmont and the Union entered into a collective bargaining agreement for the term October 1, 1999 through September 30, 2002 (the "CBA"). The CBA set forth a three-step procedure for resolving the parties' grievances. Any grievance not resolved through discussions between the parties (step one) or in a meeting before a Board of Adjustment (step two) could be submitted to binding arbitration. In the case of employee discharge or discipline submitted to arbitration, the CBA provided that:

> [T]he Arbitrator shall determine the question of fact as to the occurrence or non-occurrence of the circumstances upon which the discipline was based. If it is determined that such circumstances were as found by the Employer, the Employer's decision as to the kind and degree of discipline shall not be disturbed unless there is an express finding that the kind and degree of discipline was unreasonable.

Newmont employed Samuel Taylor as a gas mechanic. On September 25, 2002, Taylor allegedly altered a company form so that it requested tools to which he was not entitled. Five days later, the CBA expired. On October 14, 2002, Newmont terminated Taylor for falsifying the tool replacement form.

Pursuant to the CBA, the Union filed a grievance over Taylor's termination. After unsuccessful attempts to settle the grievance in accordance with the first two steps of the procedure outlined in the CBA, the Union requested arbitration. Newmont refused the request, asserting that the CBA's arbitration clause was not binding because the CBA expired on September 30, 2002, before Taylor's termination but after the incident giving rise to his termination.

The Union filed a Motion to Compel Arbitration in United States District Court pursuant to 29 U.S.C. § 185. Newmont filed a Motion for Summary Judgment. The district court treated the motions as cross-motions for summary judgment. The court found it undisputed that the following occurred before expiration: (1) Taylor's alleged falsification of the form; (2) Newmont's initial questioning of Taylor's conduct; (3) Newmont's preliminary discovery of Taylor's alleged conduct; and (4) an investigation regarding the tool request. It found that the following occurred after expiration of the CBA: (1) the dispute over the tool request; (2) additional investigation of the falsification claim; (3) Taylor's suspension and discharge; and (4) the filing of the Union's grievance. The court concluded that the key or critical facts and

occurrences took place before the expiration of the CBA, and that the dispute therefore arose under the contract and was subject to its arbitration clause. The court granted the Union's Motion to Compel Arbitration and denied Newmont's Motion for Summary Judgment. This appeal followed.

## II.   DISCUSSION

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Jacobs v. CBS Broadcasting, Inc.*, 291 F.3d 1173, 1176 (9th Cir. 2002). We also review de novo the district court's order compelling arbitration. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004).

### A.   Did the dispute over Taylor's termination "arise under the contract"?

[1] Whether Newmont is required to arbitrate Taylor's termination is a matter of contract interpretation. *See AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986). Although Newmont cannot be required to arbitrate a dispute if it did not so agree, *id.*, the expiration of the parties' collective bargaining agreement did not automatically extinguish its duty to arbitrate grievances arising under the agreement. *See Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionary Workers Union*, 430 U.S. 243, 251-52 (1977). The dispute between Newmont and the Union "arise[s] under the contract," and therefore subjects the parties to arbitration, if (1) "it involves facts and occurrences that arose before expiration," (2) "an action taken after expiration infringes a right that accrued or vested under the agreement," or (3) "under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *See Litton Fin. Printing Div., Inc. v. NLRB*, 501 U.S. 190, 206 (1991).

[2] The central issue before us is whether the dispute between Newmont and the Union "involves facts and occur-

rences that arose before expiration" of the CBA, within the meaning of *Litton*. As the district court recognized, the determination of this question is easy enough when all of the events underlying the dispute occur before expiration of the CBA or when they all occur after, as in *Nolde Brothers*. The issue becomes more clouded when, as in this case, some of the events related to the grievance occurred before expiration of the CBA and some after. Addressing such a case, the Sixth Circuit held that a dispute arises under the contract, and is therefore arbitrable, "when a *majority* of the *material* facts and occurrences arose before the expiration" of the CBA. *South Cent. Power Co. v. Int'l Bhd. of Elec. Workers, Local Union 2359*, 186 F.3d 733, 740 (6th Cir. 1999).

**[3]** The district court here adopted the general approach of the Sixth Circuit but recognized, correctly in our view, the disadvantages of a mere counting of facts and occurrences, even when they are limited to material facts. The district court therefore held that "even if a majority of the material facts and circumstances occurred after the contract was terminated, certainly the key or critical facts and circumstances in this case took place before the contract was terminated." A focus on "key" or "critical" facts is certainly preferable to a mere counting of the number of facts or occurrences that took place before or after expiration of the CBA. We conclude, however, that the determinative issue is not necessarily the relative importance of the facts that took place before the CBA's expiration, but whether those facts and the dispute over them is one that the parties agreed to arbitrate. Although the pre-expiration facts or occurrences to be arbitrated must be of *some* significance in the dispute, the dispute must be arbitrated if the parties agreed to arbitrate those facts or occurrences.

**[4]** Here the answer to that question is clear. The parties agreed in the CBA that, "[i]n the case of Employee . . . discharge, the Arbitrator shall determine the question of fact as to the occurrence or non-occurrence of the circumstances"

upon which an employee's termination was based. They also agreed that, within strict limits, the arbitrator could consider whether the termination was unreasonable. Applying these terms of the parties' agreement, Taylor's falsification of the tool request form, which allegedly occurred before expiration of the CBA, and its consequences are questions that must be arbitrated. There is no doubt that the alleged falsification is of some significance in the termination dispute; indeed, it is the primary factual question to be resolved. We have no difficulty concluding, therefore, that the parties' dispute arose under the expired CBA and is subject to arbitration. The arbitration must proceed even if it may take account of, and have some impact on, events that occurred after expiration of the CBA.

We accordingly reject Newmont's contention that Taylor's post-expiration termination, and not the conduct leading up to it, was the "fact or occurrence" central to the parties' dispute, and that the dispute consequently is not subject to the CBA. Even if the termination was a significant part of the dispute, so was the alleged misconduct in falsifying the tool request form. The parties clearly agreed in the CBA to arbitrate the latter issue, and the misconduct occurred, if at all, prior to the expiration of the CBA. To deny arbitration would deprive the Union of the benefit of its bargain. That we decline to do.[1]

## B.  Attorneys' fees on appeal

[5] Finally, we deny the Union's request for an award of attorneys' fees on appeal. There is no evidence that Newmont acted "in bad faith, vexatiously, wantonly, or for oppressive reasons" in filing this appeal. *See Alyeska Pipeline Serv. Co.*

---

[1]It follows from the rationale of our decision that it is immaterial whether Newmont discovered the alleged misconduct before or after the expiration of the CBA. We therefore need not address Newmont's contention that there was a triable dispute of fact with regard to that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

*v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted).

## III.   CONCLUSION

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.